# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AKI SINGAM, | DOCKET NUMBER |
| Appellant, | DC-0752-20-0382-I-4 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: May 21, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kumar Singam, Bethesda, Maryland, for the appellant.

Christy Te, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Chairman Harris and Vice Chairman Limon issue
separate, concurring opinions.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision that dismissed her constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:      _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.

CONCURRING OPINION OF CATHY A. HARRIS

in

*Aki Singam v. Department of Health and Human Services*

MSPB Docket No. DC-0752-20-0382-I-4

I agree with the administrative judge that the appellant has not established that the agency constructively suspended her. Therefore, I concur in the result in this case. Nevertheless, as discussed below, I disagree with the administrative judge's determination that the agency was within its rights to request additional information from the appellant before making a decision on her accommodation request.

The appellant is a G-12 Pharmacist with the agency. In July 2019, the appellant submitted documentation to the agency from her physician, which stated that she had functional restrictions that prohibited her from working in the Intravenous Admixture Unit (IVAU) room between July 1, 2019, and July 15, 2019. *Singam v. Department of Health and Human Services*, MSPB Docket No. DC-0752-20-0382-I-1, Initial Appeal File (IAF), Tab 1 at 26. As a result, the agency reassigned the appellant to other work locations. On October 23, 2019, the Pharmacy Supervisor directed the appellant to return to the full range of her duties in the IVAU room effective October 25, 2019. *Id.* The supervisor informed the appellant that, if she had a medical condition preventing her from performing her duties, she may submit a reasonable accommodation request to the agency's Office of Equity, Diversity, and Inclusion (EDI). *Id.*

On November 7, 2019, the appellant sent the EDI a fax containing the subject line "Reasonable Accommodation Forms" in which she included a narrative stating that, on an unspecified date, she fell in the IVAU room. *Singam v. Department of Health and Human Services*, MSPB Docket No. DC-0752-20-0382-I-4, Appeal File (I-4 AF), Tab 68 at 33-37. The appellant also included a

letter from a medical provider, which stated that the appellant's impairment was "recurrent falls" and "retinal detachment" and that the appellant was limited in her ability to walk. *Id.* at 36-37. He suggested that the appellant "should avoid working in the IV Room for the next 2 months." *Id.* at 37.

The next day, the agency's Occupational Medical Services (OMS) completed a document entitled "OMS Medical Evaluation of Functional Activities." IAF, Tab 1 at 30. It stated that the appellant's medical provider had recommended that she not work in the IVAU room through January 30, 2020. *Id.* EDI sent an email to the appellant requesting that she sign an "Authorization for Disclosure form" authorizing the agency to speak with her medical provider. I-4 AF, Tab 68 at 38. The appellant refused to sign the form; instead, she repeatedly stated that the document issued by OMS was "binding" and that she should be permitted to work outside the IVAU room on that basis.

On November 15, 2019, the appellant wrote to EDI that "[a]t no time did [she] reach out to process a request to no longer work in the IV room," and "there is no need for you to process a request that I did not make." *Id.* at 55. On November 26, 2019, the appellant wrote that "there is no accessibility request from me to be closed or withdrawn." *Id.* at 74. EDI then ceased any attempts to process a reasonable accommodation request. The appellant used sick leave, annual leave, and leave without pay from October 16, 2019, through at least December 20, 2019, and on numerous dates in January 2020. On several occasions in December 2019 and January 2020, the appellant's supervisor instructed that she must report to her assigned work area with clearance from OMS or take leave.

On December 23, 2019, the appellant sent an email to EDI stating the following: "[ ] I am requesting a temporary reasonable accommodation pursuant to the OMS Blue Slip that was sent via Dr. [S] from the OMS for the period 11/06/19 through 01/01/20 to work outside the IV Room." I-4 AF, Tab 14 at 91. On December 30, 2019, EDI informed the appellant that it did not have sufficient

medical information to process a reasonable accommodation request and it asked that she authorize the agency to speak with her medical provider. *Id.* at 93-94. The appellant responded that she would not provide the authorization and again asserted that the agency must comply with the form issued by OMS. *Id.* at 93. On January 3, 2020, the agency explained that it needed further clarification on the extent of the appellant's limitations in the IVAU room and the nature and duration of the limitations.

On January 14, 2020, the appellant asserted that she was on campus and "will be completing mandatory work/special projects as a temporary accommodation while I await hearing from you as to how you will comply with my legally complete reasonable accommodation request." I-4 AF, Tab 68 at 103. Her supervisor responded that she had not been assigned any special projects or temporary accommodations and that she must report to her assigned location in the IVAU room or take leave until cleared by OMS. *Id.* On January 23, 2020, the appellant sent an email stating, "[p]er my assignment to projects in the official schedule, I have been working and documenting the mismanagement of the IV Room by you and the consequent waste of [F]ederal funds." IAF, Tab 1 at 38-39. On January 30, 2020, the appellant returned to work in the IVAU room. I-4 AF, Tab 68 at 20.

The appellant filed a Board appeal on February 15, 2020, alleging that the agency subjected her to a constructive suspension between October 2019 and January 2020. IAF, Tab 1. The administrative judge found that the appellant made a nonfrivolous allegation of Board jurisdiction over a constructive suspension claim with an affirmative defense of failure to accommodate and scheduled a jurisdictional hearing. I-4 AF, Tab 23. Thereafter, the appellant withdrew her hearing request, and the administrative judge issued an initial decision on the written record finding that the appellant did not establish jurisdiction over her constructive suspension claim by preponderant evidence. I-4 AF, Tab 74, Initial Decision (ID). In relevant part, the administrative judge

found that the medical evidence in the record is insufficient to find that working in the IVAU room was against the appellant's medical restrictions, which would have deprived her of a meaningful choice. The appellant subsequently filed a petition for review.

As an initial matter, I agree with the administrative judge that the framework set forth in *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) is applicable here. ID at 8. Like *Bean*, the instant case involves an involuntary leave-type constructive suspension appeal because it concerns a claim that leave that appeared to be voluntary actually was not. Thus, to establish jurisdiction in her constructive suspension appeal, the appellant must show that: (1) she lacked a meaningful choice regarding her absence; and (2) this was because of the agency's improper actions. *See Bean*, 120 M.S.P.R. 397, ¶ 11.

Regarding the first prong under this test, the appellant established that she lacked a meaningful choice in her absence. "[T]he Americans With Disabilities Act, which applies to Federal employees pursuant to the Rehabilitation Act Amendment of 1992, prohibits disability-related inquiries, including inquiries as to the nature and severity of a disability, unless such inquiry is shown to be job-related and consistent with business necessity." *Hartless v. U.S. Postal Service*, EEOC Appeal No. 0120101017, 2010 WL 2345516, *1 (June 4, 2010). In response to a request for reasonable accommodation, an agency "cannot ask for documentation in response to a request for reasonable accommodation . . . when: (1) both the disability and the need for reasonable accommodation are obvious, or (2) the individual has already provided the agency with sufficient information to substantiate that s/he has . . . a disability [under the Rehabilitation Act] and needs the reasonable accommodation requested." *See* EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, Notice 915.002 (Oct. 17, 2002), https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada (last visited May 21, 2024). An

agency may request "relevant supplemental medical information if the information submitted by the requester is insufficient" for the purposes of explaining "the nature of the individual's disability, his or her need for reasonable accommodation, and how the requested accommodation, if any, will assist the individual to apply for a job, perform the essential functions of a job, or enjoy the benefits and privileges of the workplace." *See* 29 C.F.R. 1614.203(d)(3). In addition, the Equal Employment Opportunity Commission has found that, when there is a bona fide dispute regarding the application of an employee's restrictions to certain duties, an agency is permitted to obtain further medical information to determine the need for reasonable accommodation. *See Ross v. Department of the Treasury*, EEOC Appeal No. 01982708, 2001 WL 1103786, *8 (August 2, 2001).

Here, as stated above, the medical documentation submitted by the appellant stated that her impairment was "recurrent falls" and "retinal detachment" and that she was limited in her ability to walk. The appellant's medical provider stated the appellant "should avoid working in the IV Room for the next 2 months." This medical information sufficiently explained the nature of the appellant's disability and the need for an accommodation under the Rehabilitation Act. The record does not reflect that there was a bona fide dispute as to whether the appellant could work in the IVAU room, and the appellant's medical documentation was sufficient to substantiate that she needed the reasonable accommodation requested.

However, the appellant has ultimately not established by preponderant absence that it was the agency's wrongful actions that deprived her of a meaningful choice in the matter. The appellant sent confusing and conflicting correspondence to the agency, and, most significantly, unequivocally instructed the agency to stop processing a request for accommodations. She also refused to meet with her supervisor to discuss her request. Thus, under these circumstances, the appellant did not meet her burden of establishing by preponderant evidence

that the agency acted wrongfully in not processing her reasonable accommodation request. I therefore concur with the Board's determination that the appellant did not establish by preponderant evidence that the agency constructively suspended her.


/s/
_____
Cathy A. Harris
Chairman

<u>CONCURRING OPINION OF RAYMOND A. LIMON</u>

in

*Aki Singam v. Department of Health and Human Services*

MSPB Docket No. DC-0752-20-0382-I-4

As both the administrative judge in the initial decision and the Chairman in her Concurring Opinion state, to establish jurisdiction over this constructive suspension appeal, the appellant must show that: (1) she lacked a meaningful choice regarding her absence; and (2) this was because of the agency's improper actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013). I believe the record tends to support the administrative judge's findings with respect to the first prong of this test, but a detailed review is not necessary as I concur with the Chairman's and the administrative judge's findings that the appellant has not met her burden on the second prong of this test.

/s/
_____
Raymond A. Limon
Vice Chairman